IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**BERNARD BIRT**,
     *Plaintiff,*

vs.

**(1) WILLMAR ELECTRIC SERVICE CORPORATION,**
**(2) GOODYEAR TIRE & RUBBER**
     *Defendants*.

Case No.: CIV-14-199-M

# COMPLAINT

COMES NOW the PLAINTIFF BERNARD BIRT and for his cause of action states as follows:

## PARTIES

1. Plaintiff, BERNARD BIRT, is a 53 year old African-American adult male, resident of Carnegie, Caddo County, Oklahoma, who was employed by Defendants as a contracted maintenance technician in the Goodyear Tire plant located in Lawton, Comanche County, Oklahoma.

2. Defendant (1) WILLMAR ELECTRIC SERVICE CORPORATION is upon information and belief a Corporation with its principle place of business outside of Oklahoma, which had in all weeks of the calendar year over three hundred (300) employees.

3. Defendant (2) GOODYEAR TIRE & RUBBER is upon information and belief a Corporation with its principle place of business outside of Oklahoma, which had in all weeks of the calendar year thousands of employees at the Lawton Oklahoma

facility alone.

## JURISDICTION AND VENUE

4. This is a cause of action for discrimination based on race as prohibited by Title VII (Race); and age in violation of the Age Discrimination in Employment Act (ADEA).

5. Oklahoma Anti-Discrimination Act (25 O.S. §1101, et seq); Oklahoma's public policy against discrimination and other state laws all based upon the supplemental jurisdiction of this court under 28 U.S.C. §1367.

6. Jurisdiction over the federal claims is vested pursuant to 29 U.S.C. §626(c), 42 U.S.C. §12117(a), 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331. The state law claims arise out of the same core of facts and jurisdiction over those claims is provided by 29 U.S.C. §1367(b).

7. All of the actions complained of occurred in Comanche County, Oklahoma, and Defendant may be served in Oklahoma County, wherefore venue is proper in this court under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b).

8. Plaintiff filed a charge of discrimination with the EEOC against Defendant (1) WILLMAR ELECTRIC SERVICE (Charge No.: 564-2013-00927) on the 10th May 2013 alleging discrimination on the basis of race and age. A copy is attached hereto as "Appendix-1".

9. Plaintiff was issued a "Right to Sue" letter on the 3rd of December 2013 a copy of which is attached as "Appendix-2".

10. Plaintiff filed a charge of discrimination with the EEOC against Defendant (2) GOODYEAR TIRE & RUBBER (Charge No.: 564-2013-00928) on the 10th of May 2013 alleging discrimination on the basis of race and age. A copy is attached hereto as "Appendix-3".

11. Plaintiff was also issued a "Right to Sue" letter relating to the **Second** "Charge" on the 3rd of December 2013, a copy of which is attached as "Appendix-4".

12. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination with the EEOC, raising the issues of discrimination based on race and age.

13. The EEOC at that time, had a work share agreement with the Oklahoma Office of Civil Rights Enforcement (OCRE) such that a filing with the EEOC is a filing with the OCRE.

14. Plaintiff's right to sue letter as noted above were issued on the 3rd day of December 2013 and received after that date, such that this action is timely filed within ninety (90) days of his receipt of the Right to Sue letter.

## STATEMENT OF FACTS

15. Plaintiff began employment with Defendant (1) WILLMAR on or about the 1st of December 2010, and after a month of doing various tasks at the Goodyear facility; he began working as a Maintenance Technician contracted out to Goodyear at the facility owned by Defendant (2) GOODYEAR TIRE & RUBBER, on the $4^{rd}$ of January 2011.

16. Plaintiff was hired at an hourly rate of $13 per hour working 36 hours every

other week and 48 every other week.

17. Plaintiff soon discovered that white employees and those substantially younger than him, with less experience were being paid $19.50 per hour, therefore $6.50 each hour, for the same or less work than he was doing.

18. Plaintiff also had far more relevant experience than this other employee with over 10 years working as an electrician's apprentice, and one more year working as a Maintenance Technician within the same department.

19. Plaintiff also learned that this one or more employees paid substantially more than him were relatives of others in management which gives rise to the appearance of nepotism in employment practices which along with other violations of company policies perpetuate racial discrimination and also give rise to an inference that discriminatory actions are being done in a willful manner.

20. Plaintiff inquired about being paid less and seeking review of and an increase in his pay and he was put off until July 2012 at which time he was given only a 40 cent raise, at which time he was still being paid $6.40 less than white and substantially younger employees with the same or less job duties.

21. In April 2013 Plaintiff was given another raise, but he was still being paid over $6 per hour less than white and substantially younger workers.

22. After filing a charge of discrimination with the Equal Employment Opportunities Commission (EEOC), Plaintiff received a $1 per hour raise, making his current pay $15.50 per hour, while a white employee was hired at $23 per hour for

comparable or less work than Plaintiff is doing.

23. When Plaintiff made inquiry to Defendant (1) WILLMAR about being paid less than white and younger employees he was told Defendant (2) GOODYEAR determines the pay rate.

24. When Plaintiff made inquiry to Defendant (2) GOODYEAR about being paid less than white and younger employees, he was told WILLMAR determines the rate.

25. Despite having made inquiry to members of management of both Defendant (1) Willmar and Defendant (2) Goodyear Tire and Rubber, no independent investigation or other meaningful action has taken place and Plaintiff continues to be subjected to different terms and conditions of employment on the basis of his race and/or age.

## COUNT I
### Violation of TITLE VII

*Civil Rights Act of 1964;
as amended by the Civil rights Act of 1991*

Plaintiff incorporates all prior allegations and further alleges that:

26. Plaintiff is an African-American male employee who, despite being more qualified and having more seniority, was paid less than Caucasian employees who had equal or less job requirements.

27. The employees perform substantially equal work on jobs requiring equal skill, effort and responsibility; and

28. The jobs are performed under similar working conditions.

29. Plaintiff belongs to a protected class (African-American); Plaintiff

complained about being paid less than Caucasian employees and Defendant (1) referred him to Defendant (2) and Defendant (2) referred him to Defendant (1).

30.     To the extent that Plaintiff's rate of pay is set by an engineer employed by Defendant (2) GOODYEAR, and/or due to defendants NOT coordinating a non-discriminatory way for Plaintiff (and other African-Americans) to be paid the same as Caucasian employees, both parties are guilty of violating Title VII.

31.     Caucasian employees were hired AFTER Plaintiff and paid over $6 more per hour for same or less in assigned duties.

## *COUNT II*
### VIOLATION OF ADEA
### AGE DISCRIMINATION IN EMPLOYMENT ACT

Plaintiff incorporates all prior allegations and further alleges that:

32.     Other employees who were paid on average $6 more per hour than Plaintiff, were also substantially younger.

33.     The employees perform substantially equal work on jobs requiring equal skill, effort and responsibility; and

34.     The jobs are performed under similar working conditions.

35.     Plaintiff is over age 40 and eligible for protection through the AGE DISCRIMINATION in EMPLOYMENT ACT (ADEA).

36.     To the extent that Plaintiff's rate of pay is set by an engineer employed by Defendant (2) GOODYEAR, and/or due to defendants NOT coordinating a non-discriminatory way for Plaintiff (and others over 40 years of age) to be paid the same as

younger employees, both parties are guilty of violating the ADEA.

## COUNT III

### Violation of Oklahoma Anti-Discrimination Act

Plaintiff incorporates <u>all</u> prior allegations and further alleges that:

37. In addition to being a violation of Federal Laws, discrimination based on either Race or Age are also contrary to the Oklahoma Anti-Discrimination Act (OADA).

38. Plaintiff seeks declaratory judgment that employer violated the OADA and the public policy of the State of Oklahoma as defined therein.

39. Plaintiff seeks damages for violation of the OADA, but only to the extent state law is NOT a duplication of the relevant Federal law or remedies.

40. Plaintiff also seeks relief under state law to the extent that "Any other result would condone breach of a duty imposed by law on all employers -- the duty not to discharge an employee for attempting to correct an illegal or unethical act." <u>Rosenfeld v. Thirteenth Street Corp.</u>, 1989 Okla. LEXIS 105 (Okla. 1989) 4 I.E.R. Cas. (BNA) 770.

41. Plaintiff also requests relief under State law, which allows punitive damage, attorney fees and other remedies which are not authorized by Federal Law. <u>Shirazi v. Childtime Learning Center, Inc.</u>, 2009 OK 13, 204 P.3d 75 (Okla. 2009).

WHEREFORE, Plaintiff prays that he be awarded judgment against defendants and all relief as may be appropriate, including, but not limited to actual damages, including lost wages, liquidated damages and front pay, and other benefits from working, non-economic damages, punitive damages, pre and post judgment interest, attorney fees, costs and any other different or additional relief as may be appropriate through law or

equity.

Respectfully submitted,

WAGNER & WAGNER, P.C.
4401 N. Classen Blvd., Suite 100
Oklahoma City, OK 73118-5038
(405) 521-9499, (Fax) 521-8994
rjw@wagnerfirm.com (e-mail)

*s/ Robert J. Wagner*

By: _____
ROBERT J. WAGNER, OBA #016902
Attorney for Plaintiff
BERNARD BIRT

**ATTORNEY LIEN CLAIMED**